```
IRELL & MANELLA LLP
Morgan Chu (70446)
Perry M. Goldberg (168976)
Michael A. Schaldenbrand (200724)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant and Counterclaimant
TIVO, INC.
```

FILED
MAR 22 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STARSIGHT TELECAST, INC., a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>TIVO, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C-00-20133 JW<br><br>**PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO FILE UNDER SEAL THEIR MOTION TO DISQUALIFY DEFENDANT'S COUNSEL, AS WELL AS ALL SUPPORTING AND OPPOSING PAPERS, AND FOR A PROTECTIVE ORDER RELATING TO THE DISTRIBUTION OF THE DISQUALIFICATION MOTION AND ALL RELATED PAPERS**<br><br>DATE:   To be set<br>TIME:<br>CTRM:  Hon. James Ware |

StarSight's ex parte motion is a waste of this Court's time, because TiVo informed StarSight that TiVo does not object to the filing under seal and Attorneys' Eyes Only treatment of StarSight's motion to disqualify and related papers. TiVo's counsel merely requested that StarSight also provide a redacted version of its moving papers so that TiVo's counsel could share the admittedly non-confidential aspects of the motion with TiVo – the party that StarSight seeks to deprive of its counsel of choice in this matter.[1]

---

[1] As TiVo will explain in its opposition to StarSight's yet-to-be-served disqualification motion, StarSight's diqualification motion is without merit. Irell & Manella has never represented StarSight or any of the counterdefendants, and has no conflict of interest in this matter.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

257122

PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE
MOTION TO FILE UNDER SEAL, ETC.
(Case No. C-00-20133 JW)

In connection with the request for a redacted version of the moving papers, TiVo's counsel also stated that it reserved the right to challenge StarSight's designation of information as confidential. This reservation of rights is both reasonable and necessary, particularly because StarSight has already grossly mis-designated as confidential the handful of documents that it has produced in this case. Specifically, on March 9, 2000, in connection with its Initial Disclosure of Asserted Claims, StarSight produced a mere four documents, three of which are trial transcripts. These transcripts were not designated by the Court reporter as confidential, and there is no indication that they are transcripts of closed proceedings. Nevertheless, StarSight designated all of these transcripts as confidential pursuant to Local Rule 16-6(b), thereby preventing TiVo's counsel from sharing these non-confidential documents with TiVo. TiVo's counsel promptly requested that StarSight's counsel withdraw its confidentiality designation for these documents. Letter from Schaldenbrand to Gelfound dated March 13, 2000 (Declaration of Perry Goldberg, filed concurrently herewith ("Goldberg Decl."), Ex. A). StarSight responded by claiming that it is "investigating" whether the trial proceedings were "taken in a closed proceeding under a protective order or a matter of public record." Letter from Gelfound to Schaldenbrand dated March 14, 2000 (Goldberg Decl., Ex. B). StarSight still has not withdrawn its confidentiality designation for these plainly non-confidential documents. Goldberg Decl., ¶ 2.

StarSight has refused to agree to provide a redacted version of its moving papers, and has also opposed TiVo's reservation of the right to challenge any material designated as confidential. StarSight summarizes its argument as follows:

> "[1] Given the highly confidential and privileged nature of their disqualification motion, [2] the late date of Irell's request and [3] the difficulty of separating confidential/privileged information from nonconfidential/nonprivileged information (if any), the parties disagree on Irell's two proposed conditions."

StarSight's Ex Parte Motion at 2. The three purported bases for StarSight's ex parte motion are without merit.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

257122

PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE
MOTION TO FILE UNDER SEAL, ETC. (Case No. C-00-
20133 JW)

- 1 -

1   First, the supposed "highly confidential and privileged nature" of the information in the
2   disqualification motion is irrelevant, because StarSight could redact any information that it
3   contends is confidential and/or privileged. Indeed, that is the very purpose of a redacted version.

4   Second, StarSight asserts (without explanation) that the request for a redacted version
5   came at a "late date." StarSight neglects to mention, however, that counsel for the parties agreed
6   that TiVo would respond to StarSight's request on the date that it did. Moreover, StarSight was
7   not under any specific deadline for filing its motion to disqualify, and so there is no reason that it
8   did not have sufficient time to prepare a redacted version of its papers for service and filing with
9   the non-redacted papers. Notably, counsel for TiVo asked counsel for StarSight how long
10  StarSight would need to prepare a redacted version, and StarSight's counsel said that he would not
11  answer that question because he simply was not going to provide a redacted version. Goldberg
12  Decl., ¶ 4.

13  Third, StarSight provides no explanation for its conclusory assertion that it would be
14  difficult to separate purportedly confidential/privileged information from admittedly non-
15  confidential/non-privileged information. Redaction of confidential/privileged information is a
16  common task in litigation, and there is no reason to believe that redaction is any more difficult in
17  this matter than in any other.

18  In light of the absence of any sound basis for StarSight's ex parte motion, StarSight's ex
19  parte motion appears to be interposed for improper purposes. Specifically, TiVo believes that
20  StarSight's ex parte motion is intended (1) to keep StarSight's absurb disqualification arguments
21  from seeing the light of day (and from being used against StarSight in pending and future lawsuits
22  against third parties), (2) to preclude TiVo from being informed of the bases of a motion that is
23  designed to prevent TiVo from being represented in this matter by its counsel of choice, and (3) to
24  huff and puff about the supposed "top secret" nature of the information that forms the purported
25  basis for their motion. StarSight's game-playing should not be countenanced by this Court.[2]

---

[2]   StarSight's game-playing is also evidenced by its <u>repeated</u> failure to honor the parties'
service agreement, even though that agreement was reached less than one month ago.
Specifically, on February 25, 2000, following StarSight's request that TiVo serve its Answer by
fax, counsel for the parties agreed to serve all documents either by messenger or by fax and mail
so that all papers would be received the same day served. Letter from Goldberg to Doroshow

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

257122

PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE
MOTION TO FILE UNDER SEAL, ETC. (Case No. C-00-
20133 JW)

- 2 -

TiVo respectfully requests that the Court grant the unopposed aspects of StarSight's motion, and that the Court order StarSight to file and serve a redacted, public version of its papers. For the Court's convenience, TiVo is concurrently lodging a proposed order so providing.

Dated: March 21, 2000

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
Perry M. Goldberg
Michael A. Schaldenbrand

By: /s/ Perry Goldberg
Perry M. Goldberg
Attorneys for Defendant and
Counterclaimant
TIVO, INC

---

dated February 25, 2000 (Goldberg Decl., Ex. C). On March 3, 2000, StarSight's counsel served its Initial Disclosure of Asserted Claims only by mail, thereby breaching the parties' service agreement. TiVo's counsel promptly complained, and reminded StarSight's counsel of the service agreement. On March 16, 2000, StarSight served its Reply to TiVo's Counterclaims. Yet again, StarSight's counsel breached the parties' agreement, and served the document only by mail. Goldberg Decl., ¶ 3.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

257122

PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE
MOTION TO FILE UNDER SEAL, ETC. (Case No. C-00-
20133 JW)

- 3 -

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On March 21, 2000, I served the foregoing document described as **PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO FILE UNDER SEAL THEIR MOTION TO DISQUALIFY DEFENDANT'S COUNSEL, AS WELL AS ALL SUPPORTING AND OPPOSING PAPERS, AND FOR A PROTECTIVE ORDER RELATING TO THE DISTRIBUTION OF THE DISQUALIFICATION MOTION AND ALL RELATED PAPERS** on each interested party, as follows:

> James E. Doroshow
> Christie, Parker & Hale, LLP
> 350 West Colorado Boulevard, Suite 500
> Post Office Box 7068
> Pasadena, California 91109-7068
>
> Facsimile No.: 626 577-8800

[X] (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

[X] (BY FAX) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown above.

Executed on March 21, 2000, at Los Angeles, California.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

_____           _____
Marguerite D. Orme                                           (Signature)
(Type or print name)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

257122

PARTIAL OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO FILE UNDER SEAL, ETC.
(Case No. C-00-20133 JW)