NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STARSIGHT TELECAST, INC., | NO. C 00-20133 JW |
| Plaintiff, | **ORDER DENYING MOTION TO DISQUALIFY DEFENDANT'S COUNSEL** |
| v. | |
| TIVO, INC., | **DOCKET NOS. 15, 35** |
| Defendant. | |

Plaintiff and Counterdefendant Starsight Telecast, Inc. ("Starsight") and Counterdefendants Gemstar Development Corporation and Gemstar International Group Limited ("Gemstar") noticed a motion to disqualify Defendant Tivo, Inc.'s counsel, the law firm of Irell & Manella LLP. The matter was heard on June 12, 2000. Based upon all pleadings filed to date, the Court denies the motion for the reasons set forth below.

A. Due Diligence

Irell & Manella's representation of American Online in a due diligence investigation of Gemstar is not a basis for disqualification. California law is well established that it is confidences acquired in the course of an attorney-client relationship which are protected by preventing the recipient of those confidences from representing an adverse party. Cooke v. Superior Court, 83 Cal.App.3d 582 (1978); Maruman Integrated Circuits, Inc. v. Consortium Co., 166 Cal.App.3d 443 (1985); Strasbourger Pearson Tulcin Wolff Inc. v. Wiz Technology, Inc., 69 Cal.App.4th 1399

(1999). During the due diligence, Irell & Manella obtained allegedly confidential material in the course of representing America Online, not Gemstar. Therefore, State Bar Rule of Professional Conduct 3-310(E) does not apply.

There is precedent for disqualifying an attorney based upon the attorney's relationship with a nonclient. William H. Raley Co. v. Superior Court, 149 Cal.App.3d 1042, 1046-1047 (1983); Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, 69 Cal.App.4th 223 (1999). However, these cases are readily distinguishable from the present case in that each involved ongoing dual legal representation or a business relationship which gave the attorney access to potentially useful confidential information. Raley, 149 Cal.App.3d at 1049 ("Raley should not be asked to confront Gray, Cary in both the courtroom and the board room."); Morrison Knudsen Corp., 69 Cal.App.4th at 233. The present case does not involve a similar type of ongoing dual representation or business relationship.

Furthermore, Gemstar and Starsight have failed to identify what particular confidential information Irell & Manella obtained in the course of the due diligence which the firm can now potentially use against them in this lawsuit. Instead, they allude to confidential information in the most general terms. For example, Gemstar and Starsight contend that Irell & Manella was provided with a significant amount of information pertaining to the very patent which is the subject of the present lawsuit, yet they fail to identify what specific information was provided or explain how that specific information could potentially be useful in this lawsuit. In the absence of a prior attorney-client relationship between Gemstar/Starsight and Irell & Manella, the Court will not deprive Tivo of its counsel of choice without more specifics.

B. October 19, 1999 Meeting

Based upon the evidence presented, the Court finds that Gemstar and Starsight did not have an attorney-client relationship with Irell & Manella at the time of the October 19, 1999 meeting. Therefore, State Bar Rule of Professional Conduct 3-310(E) does not apply. Even if an attorney-client relationship had existed, which it did not, the Court finds that the subject matter of the meeting was not substantially related to the Tivo litigation. The purpose of the meeting was to explore the

2

possibility of Irell & Manella representing Gemstar in the arbitration of a contract dispute against General Instrument. Therefore, the October 19, 1999 meeting is not a basis for disqualification.

Dated: June 12, 2000

*[signature]*
JAMES WARE
United States District Judge

00065277civ

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

David A. Dillard
Christie Parker & Hale LLP
5 Park Plaza, Suite 1440
Irvine, Ca 92614-8531

Wesley W. Monroe
James E. Doroshow
Christie Parker & Hale
350 West Colorado Blvd., Suite 500
P.O. Box 7068
Pasadena, Ca 91109-7068

Morgan Chu
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, Ca. 90067-4276

Dated: 6/13/00

Richard W. Wieking, Clerk

By: _____
Ronald L. Davis
**Courtroom Deputy**